IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN CATHERINE REYES,** | : | **Civil No. 1:19-CV-01670** |
| **Plaintiff,** | : | |
| v. | : | |
| **ASSOCIATED CREDIT SERVICES, INC.,** | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## **M E M O R A N D U M**

Before the court is the motion for summary judgment filed by Defendant Associated Credit Services, Inc ("ACS"). (Doc. 12.) For the reasons set forth below, the motion will be granted.

### **I.   BACKGROUND**

The material facts of this case are straightforward and undisputed. At some point in 2019, Plaintiff Lauren Catherine Reyes ("Reyes") received a letter from ACS, a debt collection company, attempting to collect a consumer debt. The letter listed Reyes's debt balance as follows:

    Principal Balance:   $894.04
    Interest:            $0.00
    Fees:                $0.00
    Balance Due:         $894.04

(Doc. 1-2, p. 13 of 15.)

There is no dispute that Reyes actually owed the debt. In August 2019, Reyes filed a lawsuit in the Pennsylvania Court of Common Pleas alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"). (Doc. 1-2.) ACS removed to this court. The complaint alleges that ACS violated the FDCPA by including in the letter the above line items regarding interest and fees. (Doc. 1-2, §§ 27, 28.) According to the complaint, the letter was misleading and deceptive because by specifying that Reyes owed $0.00 in interest and fees, ACS improperly threatened or implied that it could (or would) charge interest and fees in the future. The parties agree that ACS was not permitted to charge Reyes interest.

In March 2020, ACS filed a motion summary judgment. (Doc. 12.) The motion has been fully briefed (Docs. 13, 16, 17) and is ripe for review.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law and is "genuine" only if there is a sufficient evidentiary basis for a reasonable factfinder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must

view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). The non-moving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (internal quotation marks omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23.

### III. **DISCUSSION**

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing,* 765 F.3d 299, 303 (3d Cir. 2014). Only the fourth element is disputed here. Reyes claims that ACS violated Section 1696e of the FDCPA, which provides, as relevant here, that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This prohibition includes false representations regarding "the character amount, or legal status of any debt," and threats "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §§ 1692e (2)(A), (5).

In determining whether a debt collection practice violates the FDCPA, courts employ an objective "least sophisticated debtor" standard, "meaning that the specific plaintiff need not prove that *she* was actually confused or misled, only that the objective least sophisticated debtor would be." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015) (emphasis original).

As noted above, the basis of Reyes's claim is that ACS made a deceptive or misleading representation by including the line items in the collection letter. The

court disagrees. For starters, ACS did not misrepresent the amount or legal status of the debt. ACS's letter to Reyes made clear that her total balance was $894.04, and Reyes does not dispute that she did in fact owe that amount.

More importantly, an unsophisticated consumer would not interpret line itemizations of "Interest: $0.00" and "Fees: $0.00," without more, as a threat or implication that it could or would charge them in the future. The line items were part of a simple breakdown of Reyes's balance. Nothing else in the letter referred to interest or fees, and nothing in the letter implied that such charges would ever begin to accrue. Even the least sophisticated consumer would not interpret the itemizations as a threat to charge interest and fees.

The only other court in this Circuit to have addressed the issue recently reached a similar conclusion. *Hopkins v. Collecto, Inc.*, No. 2:19-CV-18661, 2020 WL 1891180, at *1 (D.N.J. Apr. 16, 2020) (holding that language in a collection letter "stating that Plaintiff owed $0.00 in interest and $0.00 for fees or collection costs for a static debt" did not violate the FDCPA). Federal courts from around the country have also reached similar conclusions. *See Dow v. Frontline Asset Strategies, LLC*, 783 F. App'x 75, 76–77 (2d Cir. 2019) (holding that line items in a collection letter specifying that a debtor's balance included $0.00 in interest and fees would not have misled an unsophisticated consumer into believing that a static debt was actually dynamic); *Delgado v. Client Servs., Inc.*, No. 17-CV-4364, 2018 WL

5

1193741, at *1–5 (N.D. Ill. Mar. 7, 2018) (holding that line items in a collection letter specifying that debtor's balance included $0.00 in interest and other charges was not misleading and did not constitute a threat to charge interest); *Bryant v. Aargon Collection Agency, Inc.*, No. 17-CV-14096, 2017 WL 2955532, at *6 (S.D. Fla. June 30, 2017) (dismissing FDCPA claim based on collection letter specifying that debtor owed $0.00 in interest and fees); *Dick v. Enhanced Recovery Co.*, LLC, No. 15-CV-2631, 2016 WL 5678556, at *1–8 (E.D.N.Y. Sept. 28, 2016) ("'Non-interest Charges and Fees: $0.00,'" cannot plausibly be construed as a threat that non-interest charges and fees will be charged in the future.").

Also, as the Northern District of Illinois reasoned in a persuasive opinion, holding otherwise would fail to further the purpose of the FDCPA:

> To find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading. Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do—essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much.

*Delgado*, 2018 WL 1193741, at *3; *see also Dick*, 2016 WL 5678556, at *8 ("To require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer – precisely the type of letter the FDCPA is meant to protect consumers against.").

6

Reyes nevertheless urges the court to follow *Tylke v. Diversified Adjustment Serv., Inc.*, No. 14-CV-748, 2014 WL 5465173, at *1 (E.D. Wis. Oct. 28, 2014). In that case, the plaintiff alleged that a debt collection letter specifying that her balance "includes a Verizon Wireless Collection Fee of $0.00" violated the FDCPA by threatening to collect such a fee and wrongly implying that one could be added in the future. *Id.* Magistrate Judge Nancy Joseph of the Eastern District of Wisconsin found that theory possible and denied the defendant's motion to dismiss, leaving the door "open to the plaintiff to present objective evidence of confusion such as the results of a consumer survey." *Id.* (cleaned up). As other courts have found however, the independent affirmative sentence in *Tylke* that a debt "includes" a specific collection fee might imply that such a fee would be charged in the future, but the line items at issue here merely provided a simple accounting of what was and was not included in the balance. *See Delgado*, 2018 WL 1193741, at *4; *Dick*, 2016 WL 5678556, at *5. To the extent that *Tylke's* reasoning can be interpreted as applying to the line items in this case, the court declines to follow the case and believes the aforementioned lines of authority to be more persuasive. Reyes thus cannot establish an FDCPA violation under Section 1692e.

Finally, the complaint also alleges that ACS's inclusion of the line items violated Section 1692f(1) of the FDCPA. Section 1692f forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

7

Subsection 1 specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Reyes fares no better under this section. It is undisputed that ACS never collected any amount that was not authorized by agreement or permitted by law. Further, just as the line items would not have been deceptive or misleading to an objective least sophisticated consumer, their inclusion in the letter was not an unfair or unconscionable means to attempt to collect a debt. The line items simply clarified the makeup of Reyes's debt, making clear that she owed neither interest nor other fees on the principal balance. The collection letter contained no implicit or explicit threats or any other statements that could be reasonably construed as unfair or unconscionable. Reyes's summary judgment opposition brief offers no argument to the contrary. Accordingly, Reyes cannot establish a claim under Section 1692(f) and ACS is entitled to summary judgment on Reyes's FDCPA claims.

## IV. <u>CONCLUSION</u>

For the reasons outlined above, ACS's motion for summary judgment will be granted and the complaint will be dismissed with prejudice. An appropriate order shall follow.

>*/s/ Sylvia H. Rambo*
>SYLVIA H. RAMBO
>United States District Judge

Dated: July 6, 2020